BOURKE, Treasurer, etc., *v.* AMISON, President, etc., and others.

*(Circuit Court, S. D. New York.   December 1, 1887.)*

COURTS—FEDERAL JURISDICTION—ACT OF MARCH 3, 1887.

The act of congress of March 3, 1887, concerning United States circuit courts, provides that no civil suit shall be brought by original process or proceeding in any district except that whereof defendant is an inhabitant, but that, where jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either plaintiff or defendant. *Held* that, under these provisions, the process of such courts will not run throughout the United States, except in the particular cases, and to the extent provided by Rev. St. U. S. § 738.

*Hess & Townsend*, for Bourke.
*Roger Foster*, for Amison.

LACOMBE, J.   This is an action brought against three defendants, residing, respectively, in Illinois, Tennessee, and Washington, D. C.   Service has been made upon each of them at his place of residence, and motion is now made to set aside service of process on the ground that it is made without the circuit in which the action was commenced.

In the act of March, 1875, it was provided that no civil suit shall be brought before the circuit court against any person by original process or proceeding in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving such process or commencing such proceeding, except as thereinafter provided.   In the act of March, 1887, the words "in which he shall be found at the time of serving such process or commencing such proceeding" are omitted.   In the same section, however, there is inserted the following clause:

"But where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or defendant."

The plaintiff contends that the language of this clause not only confers jurisdiction upon the circuit court of either district over a suit wherein the plaintiff and defendant reside in different districts, but that it also allows process of such court to be served outside of the district.   Whether the first of these propositions is or is not sound need not be now determined; whatever may have been the intention of congress as to the conferring of jurisdiction, there is not sufficient warrant in the inserted words for the claim that the process of the circuit courts should henceforth run throughout the United States, except in the particular cases, and to the extent already provided for in section 738.   So extensive and extraordinary a grant of power is not to be spelled out from words which are susceptible of reasonable interpretation without being held to effect so radical a change in existing law.